UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Julie Koneff, ) | |
| ) | Case No. 07 C 3283 |
| Plaintiff, ) | |
| v. ) | Judge Joan B. Gottschall |
| ) | |
| Charles Nyang'iti, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Julie Koneff moves for costs after having prevailed against Defendant Charles Nyang'iti. Koneff is entitled to her costs as the prevailing party and asks the court to tax $3,090.85 to Nyang'iti under Rule 54(d) of the Federal Rules of Civil Procedure. There is a strong presumption that the prevailing party should be allowed to recover these costs, as permitted by statute. *See* 28 U.S.C. § 1920; *Weeks v. Samsung Heavy Indus.*, 126 F.3d 926, 945 (7th Cir. 1997). However, the power to award costs is within the discretion of the district court, which evaluates the bill "to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Prods. Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). Accordingly, the court must find that the items in Koneff's bill are taxable.

**I.      Fees of the Clerk and for service of summons and subpoena**

A prevailing party may recover "fees of the clerk and marshal," pursuant to 28 U.S.C. § 1920(1). Koneff seeks reimbursement for the $350.00 filing fee paid to the clerk, and $50.00

for fees for service of summons and subpoena; taxation of both of these expenses is permitted by statute. The court bills $400.00 to Nyang'iti.[1]

## II. Fees for court reporter and transcripts

Koneff seeks $824.18 for the claimed cost of a court reporter and a transcript for Nyang'iti's deposition, and $566.26 for court reporter and transcript fees from other, unspecified portions of the case. Section 1920(2) allows recovery of "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). However, this provision is limited by Local Rule 54.1(b):

> If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of the court.

L.R. 54.1(b). In her bill of costs Koneff has not itemized the cost of the transcripts, and has not stated how many pages are included in the transcript, and so the court cannot determine whether the rate Koneff claims complies with Local Rule 54.1(b). Moreover, neither § 1920(2) nor Local Rule 54.1 provides for extra costs related to depositions, such as the appearance fee of the court reporter. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) (holding that § 1920 exhausts the definition of costs such that unenumerated expenses are not taxable under the statue). Finally, Koneff has not isolated the claimed court reporter fees from other portions of the case. The court therefore does not bill Nyang'iti for Koneff's claimed court reporter- and transcript-related expenses.

---

[1] Nyang'iti filed no response to Koneff's Bill of Costs, and so each claimed cost is unopposed.

### III. Fees for the witnesses

Witness fees are recoverable pursuant to § 1920(3). Koneff seeks $160.00 in witness fees, which appears reasonable and complies with the statutory requirements for witness reimbursement. *See* 28 U.S.C. § 1821(b) and (c). Nyang'iti is therefore billed an additional $160.00.

### IV. Fees for photocopies

Koneff seeks $149.32 in fees for "exemplification and copies of papers necessarily obtained for use in the case." "The party seeking such costs must provide the court with a breakdown of the copying." *Baxter Int'l, Inc. v. McGaw, Inc.*, No. 98 C 2723, 1998 WL 102668 at *1 (N.D. Ill. March 3, 1998) (quoting *Levka v. City of Chi.*, 107 F.R.D. 230, 231 (N.D. Ill. 1985)). The Seventh Circuit has held that prevailing parties are "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs;" rather a party must "provide the best breakdown possible from obtainable records." *Northbrook Excess & Surp. Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Koneff has not provided any such breakdown. The court therefore does not bill Nyang'iti for Koneff's copying charges.

### V. Fees for printing

Printing fees are recoverable pursuant to § 1920(3). Koneff seeks $991.10 in printing fees, but does not attach any documentation in support of that request. The court only awards reasonable printing fees, *see Taneff v. Calumet Twp.*, No. 07C 216, 2009 WL 500558, at *4 (N.D. Ind. Feb. 26, 2009) (citing cases), and cannot determine whether Koneff's claimed printing fees are reasonable. The court therefore does not bill Nyang'iti for Koneff's claimed printing fees.

## VI. Conclusion

For the reasons stated above, Koneff's bill of costs is granted in part and denied in part. The court orders Nyang'iti to pay $560.00 to Koneff for costs.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 29, 2009